# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-2091

_____

TONY TORRELL ANSLEY, JR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

August 16, 2019

ROBERTS, J.

In this appeal, the appellant argues that he was denied a fair trial because the State presented evidence of uncharged crimes, which is often referred to as collateral crime evidence. He argues that the State presented the collateral crime evidence to damage his character. Because trial counsel failed to object to the admission of the collateral crime evidence, the appellant further argues that his trial counsel provided him ineffective assistance. After reviewing the record, we find no merit in the appellant's arguments and affirm.

The appellant was charged with committing eight crimes upon the same victim, his former girlfriend. During the former girlfriend's testimony, she recounted the hours of torture she

endured at the hands of the appellant. The appellant argues that trial counsel should have objected to her testifying about certain acts because those acts were not part of the charged crimes. The appellant's argument is flawed for two reasons. One, the evidence of the uncharged crimes was inextricably intertwined with the evidence of the charged crimes. Two, the uncharged crime evidence was properly admitted because that evidence established an element of the kidnapping charge, which means the uncharged crime evidence was not collateral crime evidence.

As the Florida Supreme Court has stated,

> collateral crimes evidence is "inextricably intertwined" if the evidence is necessary to (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose; or (4) adequately describe the events leading up to the charged crime(s).

*Ballard v. State*, 66 So. 3d 912, 918 (Fla. 2011). During the former girlfriend's testimony, she testified about an uncharged additional sexual battery and multiple, uncharged batteries and aggravated assaults committed by the appellant. Those additional crimes were interwoven with the charged crimes and painted an accurate account of all the events surrounding the charged crimes. Because those events were inextricably intertwined, no fundamental error occurred. Since the evidence was inextricable intertwined, any objection by trial counsel would have been properly overruled by the trial court.

Even if the uncharged crime evidence was not inextricably intertwined, it would have been admissible as an element of the kidnapping charge. To prove the crime of kidnapping, the State had to prove that the appellant kidnapped the victim by confining or imprisoning her with the intent to inflict bodily harm upon or to terrorize her. § 787.01(1)(a)3., Fla. Stat. (2017). All of the evidence the appellant complains should have been excluded, including the evidence introduced by medical personnel, aided the State in proving that the appellant inflicted bodily harm upon or terrorized the victim. Since the evidence constituted an element of the charged crime, any objection trial counsel may have had would have been properly overruled. Therefore, trial counsel cannot be

deemed to have provided the appellant with ineffective assistance. *See Merck v. State*, 124 So. 3d 785, 794 (Fla. 2013) ("counsel cannot be deemed ineffective for failing to make a meritless argument").

AFFIRMED.

ROWE and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Kevin P. Steiger, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.